UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-25469-CIV-MORENO**

GLADNIA LAROCHE,

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

In this case, Plaintiff Gladnia Laroche asserts three claims against Defendant Carnival Corporation relating to an incident aboard a Carnival Cruise in which Ms. Laroche alleges her bunk bed unexpectedly collapsed causing her injury. Carnival filed a Motion to Dismiss Plaintiff's Amended Complaint **(D.E. 16)** arguing that Ms. Laroche failed to sufficiently state a claim for a variety of pleading deficiencies. Ms. Laroche insists that she adequately states her claims.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Counts I and III are dismissed with prejudice. Defendant shall file an answer no later than **August 21, 2026**.

## BACKGROUND

In her Complaint, Ms. Laroche alleges that on February 28, 2025, she was a fare-paying passenger on the *Carnival Sunrise*, when she climbed onto the top bunk assigned to her and it

unexpectedly collapsed, violently throwing her onto a table and the cabin floor, causing painful injuries to her side, back, and arm. She alleges that the bunk bed was expanded when she and her roommates got to their cabin, and neither she nor her roommates ever attempted to fold the bed, nor did they receive any instruction on how to properly fold or expand the bed.

After the incident, she alleges that, despite repeated attempts to get help, no one appeared for an extended period of time. Eventually, a crew member escorted her, and those she was traveling with, to the ship's medical center. There, a physician took Ms. Laroche's vitals and gave her Tylenol, but could not take an X-ray because the machine was broken. Ms. Laroche alleges that she did not receive proper medical attention and that she was in severe pain for the rest of the cruise. She allegedly suffered bodily injury, bruising, pain, emotional distress, medical expenses, lost wages, and loss of earning capacity, and has ongoing physical limitations. Ms. Laroche also alleges that one to two hours after the incident, Carnival reassigned her and her friend to another cabin because of the defective bed. But Carnival did not provide Ms. Laroche with a written report, apology, or medical follow-up.

With respect to her direct negligence claim, Ms. Laroche alleges that Carnival breached its duty of reasonable care by (1) failing to properly inspect, maintain, secure, and verify the safe condition of the upper bunk-bed structure and its locking mechanism in Plaintiff's cabin; (2) permitting an unsafe or defective bunk bed and/or locking mechanism to remain in service for passenger use; (3) setting up the upper bunk in an unsafe and unsecure condition, including failing to properly lock or latch the top bunk into place before making it available for sleeping use; (4) failing to implement and enforce reasonable written procedures and checklists requiring crew to confirm that an upper bunk is fully locked and secured after setup and before passenger use; (5) failing to adequately train and supervise cabin stewards and other crew regarding correct

2

deployment, locking, inspection, and verification of upper bunks and associated hardware; (6) failing to conduct a reasonable post-setup inspection of the upper bunk to ensure it was safely secured and would not collapse under ordinary and intended use; (7) providing a cabin to Plaintiff for sleeping with an upper bunk in an unsafe, unstable, or defective condition and failing to remove the bunk from service pending repair or replacement; (8) failing to reasonably respond to Plaintiff's calls for assistance after the collapse, thereby aggravating pain and suffering and delaying needed evaluation and care; (9) failing to provide reasonable medical evaluation and care onboard following the collapse, including timely imaging and assessment; and (10) negligently operating and maintaining cabin furnishings and medical resources so as to create an unreasonable risk of harm to passengers, including Plaintiff.

Further, she alleges that Carnival knew or should have known of the dangerous condition of the bunk bed—that the locking mechanism or other components of the bed were not properly engaged and/or was defective—through prior similar incidents on the subject ship or similar ships, inspection and maintenance of similar beds finding defects, recurrent crew or passenger reports, and repairs done to similar beds. Additionally, Ms. Laroche alleges notice via its crew's direct involvement in deploying, setting up, locking, and inspecting upper beds. And Carnival's negligence caused Ms. Laroche to sustain bodily injury, physical pain and suffering, mental anguish, disability, lost wages, loss of earning capacity, inconvenience, and loss of capacity for the enjoyment of life, which are ongoing and will continue in the future. Ms. Laroche also states that she incurred medical expenses and will continue to incur expenses in the future, thus she is entitled to relief.

With respect to her vicarious liability negligence claim, Ms. Laroche alleges Carnival is vicariously liable for the operational-level negligence of its employees and/or agents—including

3

cabin stewards, housekeeping personnel, maintenance personnel, and other crew responsible for deploying, setting up, inspecting, and maintaining the bunk beds in passenger cabins—who were Carnival's acting within the scope of their employment. She alleges the crew members are responsible for (1) improperly setting up the upper bunk for passenger use; (2) failing to properly lock or latch the top bunk into place in accordance with the bunk's locking mechanism and required procedures; (3) failing to inspect and verify that the upper bunk was secure after setup and before making it available for sleeping use; and (4) setting up and/or placing the upper bunk into service while knowing, or in the exercise of reasonable care should have known, that the bunk and/or its locking mechanism was defective, loose, worn, misaligned, or otherwise unfit for safe use.

With respect to her negligent failure to warn claim, Ms. Laroche alleges Carnival breached it duty to warn of known dangers and dangers of which it should have known through the exercise of reasonable care under the circumstances. She states that the upper bunk-bed structure was not a dangerous and hazardous condition that was open and obvious. As to notice, Ms. Laroche alleges that Carnival knew or should have known that the bunk bed structure posed a risk of sudden collapse, instability or failure through prior similar incidents on the subject ship or similar ships, inspection and maintenance of similar beds finding defects, recurrent crew or passenger reports, and repairs done to similar beds. As to breach, Ms. Laroche alleges, Carnival failed to (1) provide any verbal or written warning to Plaintiff regarding instability or defects in the bunk-bed structure; (2) place signage, notices, or other advisories within the cabin alerting passengers to the risk of collapse or improper securing of the bunk; or (3) provide any instructions to Plaintiff on the proper use and set-up of the bed that would have prevented the accident and Plaintiff's injuries. Further, she states that Carnival's failure to warn resulted in her injuries and suffering and she is entitled to damages accordingly.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted).  The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## DISCUSSION

To state a negligence claim, Ms. Laroche must allege: (1) Defendant had a duty to protect her from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)).  Under federal maritime law, a ship owner owes all passengers a duty of exercising reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989).  The duty of care includes a "duty to warn of known dangers beyond the point of debarkation in places where passengers are

5

invited or reasonably expected to visit." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). However, the duty to warn only extends to dangers "which the carrier knows, or reasonably should have known" to exist. *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017).

Plaintiff's First Amended Complaint asserts three claims against Defendant Carnival, a direct negligence claim (Count I), a vicarious liability claim (Count II), and a negligent failure to warn claim (Count III). Defendant Carnival asks this Court to dismiss Ms. Laroche's First Amended Complaint for various pleading deficiencies. Carnival argues that Ms. Laroche has failed to provide factual allegations identifying a dangerous condition. Carnival also asserts that Ms. Laroche has failed to provide factual allegations to support her claim that Carnival had actual or constructive notice of a dangerous condition, thus undermining her direct negligence claim and failure to warn claim. Carnival also argues that Ms. Laroche's vicarious liability claim should be stricken because it is duplicative of her direct negligence claim. And finally, Carnival argues that the First Amended Complaint is a shotgun pleading. The Court addresses each argument and Plaintiff's responses below.

## I.      Ms. Laroche sufficiently alleged a dangerous condition

Defendant Carnival argues that Plaintiff Laroche has failed to provide factual allegations identifying a dangerous condition. Carnival contends that Ms. Laroche asks the Court to infer negligence from the fact that the bunk bed allegedly collapsed. In response, Ms. Laroche argues that she did identify the allegedly defective condition and alleged facts permitting a reasonable inference of negligence. This Court agrees with Ms. Laroche.

In her First Amended Complaint, Ms. Laroche identifies a dangerous condition, specifically, the bunk bed's locking or securing mechanism was improperly secured, defective, or

6

inadequately verified. Further, she alleges that Carnival owed her a duty of reasonable care as a fare-paying passenger on the ship, the bunk bed's securing mechanism was defective, she did not move the bed from the position it was in when she arrived at her cabin, nor did her roommates, she did not receive any instructions or warnings regarding use of the bed, and the bunk bed collapsed during ordinary use causing her to sustain actual injuries. Accordingly, the Court finds that Ms. Laroche alleges sufficient factual allegations to support a reasonable inference of a dangerous condition, which is all that is required to survive a motion to dismiss. *Twombly*, 550 U.S. at 570 (2007). Carnival's Motion to Dismiss is denied with respect to failure to plead a dangerous condition.

## II.    Ms. Laroche has failed to sufficiently plead notice for Counts I and III

Next, Carnival asserts that Ms. Laroche failed to provide factual allegations to support her claim that Carnival had actual or constructive notice of any dangerous condition. Ms. Laroche must plead notice for Counts I and III to survive. Carnival claims that Ms. Laroche's notice allegations are generic, conclusory, and speculative because Ms. Laroche fails to identify any actual inspection, maintenance, or service report, or any prior incident that occurred on the same bunkbed or even on the same ship. In response, Ms. Laroche argues that actual notice is imputed onto Carnival because its employees created the dangerous condition. She also argues that at the pleading stage she is not required to identify specific incidents or reports which would be obtained through discovery. And she asserts that the danger was not open and obvious. In reply, Carnival clarifies that creation of a dangerous condition, without more, is not enough to impute actual notice. Further, Carnival argues that Ms. Laroche must satisfy her well-pleaded complaint requirements prior to opening the doors to discovery. She cannot assert conclusory allegations—

7

without any factual basis—in hopes that discovery will support her allegations. The Court agrees with Carnival.

Actual or constructive notice of the risk-creating condition is a prerequisite to imposing liability on shipowners in cases like this. *Keefe*, 867 F.2d at 1321 (11th Cir. 1989). Actual notice exists when the defendant knows about the dangerous condition. *Id.* at 1322. Constructive notice exists when the defendant ought to have known of the danger. *Id.* A plaintiff can establish constructive notice by alleging "that the defective condition exist[ed] for a sufficient period of time to invite corrective measures." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (internal quotation marks omitted). Or, a plaintiff can establish constructive notice "with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (internal quotation marks omitted).

The notice requirement applies when a plaintiff seeks to hold a shipowner directly liable. However, "the notice requirement does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). Therefore, the Court will only address the parties' arguments on notice as they relate to Counts I and III.

First, the Court notes that the Eleventh Circuit has made it clear that creation of a dangerous condition alone does not satisfy the notice requirement. Ms. Laroche relies on *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990) to say otherwise. But as Carnival points out, her reliance on *Everett* is misplaced. In *Everett*, the plaintiff tripped over a metal cover of a fire door that had been installed by the cruise ship operator. 912 F.2d 1355 (11th Cir. 1990). Carnival appealed the district court's denial of a motion for a new trial based on an erroneous jury

instruction that included an exception to the notice requirement if the cruise ship operator "negligently created or maintained its premises." *Id.* at 1358. The Eleventh Circuit agreed with Carnival and held that the district court had provided an erroneous jury instruction that contravened *Keefe*'s notice requirement. *Id.*; *see also Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 564 (11th Cir. 2017) (holding that there is no exception to the notice requirement when a cruise ship operator allegedly created a dangerous condition). Here, in accordance with *Everett*, the Court finds that creation of the allegedly dangerous condition, without more, is not enough to constitute actual notice. Ms. Laroche cannot bypass the notice requirement merely by pleading that Carnival allegedly created a dangerous condition "through its crew's direct involvement in deploying, setting up, locking, and inspecting upper bunks." Compl. ¶¶ 19.

Next, the Court finds that Ms. Laroche must provide "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of Carnival's liability. *Twombly*, 550 U.S. at 556. But conclusory allegations absent a sufficient factual basis will not satisfy the plausibility standard. *Id.* Ms. Laroche need not identify specific inspection, maintenance or service reports, or specific incidents that occurred on the same bunkbed or on the same ship. However, she must provide sufficient facts to make her allegation that Carnival knew or should have known about the dangerous condition plausible.

In *Holland v. Carnival Corporation*, 50 F.4th 1088 (11th Cir. 2022), a cruise passenger allegedly slipped and fell due to a hazardous substance on a staircase. To plead constructive notice, the plaintiff alleged that there were "frequently spills on the staircase" and "prior slip and fall incidents on this staircase." *Id.* at 1096. The Eleventh Circuit indicated that these allegations were conclusory and insufficient to constitute constructive notice. *Id.* In *Hunter v. Carnival Corporation*, 609 F.Supp.3d 1305 (S.D. Fla. July 1, 2022), the court concluded that the plaintiff

sufficiently alleged that Carnival had notice of a misplaced bunk bed ladder. There, the court found that specific facts pushed plaintiff's claims over the line from conceivable to plausible. *Id.* at 1313-14. Specifically, plaintiff pleaded that a Carnival employee had approved a five-person room arrangement and knew that adding an additional bed required moving the bunk bed ladder from a secured to an unsecured position. *Id.* The court indicated that the plaintiff's allegations supported a plausible theory that Carnival "should have been aware that moving a bunk bed ladder from a secured to an unsecured position could pose a danger to a passenger climbing it." *Id.* at 1314.

Here, Ms. Laroche alleges constructive notice based on a generic statement alleging "prior similar incidents on the subject ship or similar ships, inspection and maintenance of similar beds finding defects, recurrent crew or passenger reports, and repairs done to similar beds." Compl. ¶¶ 18, 30. Plaintiff's allegations are generic, speculative and conclusory. She does not allege any facts concerning a substantially similar incident. Like in *Holland*, Plaintiff's allegations do not rise to the level of being plausible without more supporting facts. Unlike in *Hunter*, Plaintiff has not alleged any specific facts that Carnival did anything to deviate from the standard bed setup, therefore it is not reasonable to infer that Carnival had notice about a dangerous condition. In turn, Carnival's Motion to Dismiss is granted in part for failure to sufficiently plead notice. Counts I and III are dismissed with prejudice.

## III.   Ms. Laroche's vicarious liability claim is not stricken

Defendant Carnival argues that Ms. Laroche's vicarious liability claim should be stricken because it is redundant and unnecessary as it stems from the same factual allegations as her direct negligence claim. In response, Ms. Laroche argues that her vicarious liability claim should not be stricken because it hinges on different factual allegations than her direct liability claim. She also argues that she is entitled to plead alternative and overlapping theories of liability under Federal

10

Rule of Civil Procedure 8(d). And further, Carnival failed to establish prejudice and therefore the requested relief is not warranted. In reply, Carnival asserts that the vicarious liability claim goes beyond merely pleading alternative theories of liability and is entirely duplicative of her other two claims.

"A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both." *Yusko*, 4 F.4th at 1170. Federal Rule of Civil Procedure 8(d)(2) states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Federal Rule of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike is a drastic remedy," which is disfavored by the courts. *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962).

The Court acknowledges the distinction Ms. Laroche draws between her claims. Specifically, she argues that the direct negligence claim rests upon Carnival's negligent policies, training, supervisions, and inspection protocols, whereas her vicarious liability claim is supported by the crewmembers' improper setup of the bed. However, the Court appreciates the overlap identified by Carnival. Specifically, Ms. Laroche's allegations regarding the "crew's direct involvement" and "operational-level negligence of its crew," which she relies upon for her direct negligence and vicarious liability claims respectively.

This Court concludes that Rule 8(d) permits Ms. Laroche to plead her vicarious liability claim as an alternative to her direct negligence claim and declines to grant a "drastic remedy" under Rule 12(f). That said, although Ms. Laroche's direct negligence claim is dismissed for other reasons,

11

the Court notes that plaintiffs must parse out the distinction between direct and vicarious liability claims for both to survive. As a corporate entity, much of Carnival's liability will arise from the acts of its employees or agents. But Carnival cannot be held doubly liable for the same conduct. Nevertheless, Ms. Laroche's vicarious liability claim, as alternatively plead, survives and Carnival's Motion to Strike Plaintiff's vicarious liability claim is denied.

## IV.   Ms. Laroche's First Amended Complaint is not a shotgun pleading

Finally, Carnival asserts that Ms. Laroche's Amended Complaint is a shotgun pleading because she fails to separate alternative theories of liability into different counts. Specifically, Carnival argues that Ms. Laroche alleges that Carnival was negligent by (1) failing to responsibly maintain and inspect the bunkbed, and (2) failing to provide prompt medical care. In response, Ms. Laroche clarifies that she alleges one negligence claim relating to the bunk bed incident. She argues that the allegations regarding Carnival's medical response are relevant to damages, but do not constitute a separate cause of action. Carnival's reply insists that Ms. Laroche pleads two separate bases of liability, thus making it difficult for Carnival to differentiate the allegations.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274 (11th Cir. 2008). One type of shotgun pleading is one that "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). Relying on *Noon v. Carnival*, No. 18-23181-CIV, 2019 WL 2254924, at *5 (S.D. Fa. Feb. 1, 2019), Carnival asserts the Amended Complaint here is a shotgun pleading because Ms. Laroche failed to separate her theories of liability into separate counts. In *Noon*, the plaintiff alleged two different theories of agency liability—actual and apparent agency, which require different elements. The

12

court had notified the plaintiff of the defect in plaintiff's original complaint and the plaintiff failed to correct the error in her amended complaint. Further, in plaintiff's response brief, she did not address this issue. That is not the case here. Here, Ms. Laroche responded directly to Carnival's arguments regarding this issue and provided helpful clarification. Additionally, this Court has not previously provided Ms. Laroche with any guidance regarding her original complaint or amended complaint. In turn, this Court concludes that Ms. Laroche's First Amended Complaint is not a shotgun pleading as it is sufficiently clear to allow Carnival to respond. Carnival's Motion to Dismiss is denied as to its shotgun pleading argument. It is hereby

ADJUDGED that the Motion to Dismiss is **GRANTED IN PART** for failure to sufficiently plead notice and **DENIED IN PART** as to all other issues. Counts I and III are dismissed with prejudice. Only Count II and the factual allegations relating to it remain. Defendant shall file an answer to Count II no later than **August 21, 2026**.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of August 2026.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record